## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRCT OF COLUMBIA

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | )<br>)<br>) | **MASTER FILE NO. CV-03-BE-1500-S**<br>**U.S. District for the N.D. Al.** |

In re HEALTHSOUTH CORPORATION          )     **MASTER FILE NO. CV-03-BE-1500-S**
SECURITIES LITIGATION                              )     **U.S. District for the N.D. Al.**
                                                                  )
This Document Relates To:  All Actions        )
                                                                  )
_____)
                                                                  )
STEPTOE & JOHNSON LLP                          )
                                                                  )
                              Movant,                           )
                                                                  )
v.                                                                )
                                                                  )
UBS AG, *et al*                                              )     **No. 08-mc-116**
                                                                  )     **The Hon. Judge Bates**
                              Respondents.                   )
_____)
                                                                  )
                                                                  )
                                                                  )

## MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

UBS AG, UBS Securities LLC, Howard Capek, Benjamin D. Lorello and William C. McGahan (collectively, "UBS") move this Honorable Court to file the attached Response to the Motion to Quash filed by Steptoe & Johnson, LLP ("Steptoe") and Motion to Compel a Response to That Subpoena, and all supporting documents, under seal pursuant to Local Rule 5.1(j).  A proposed Order is attached as Exhibit A.  In support of this unopposed Motion, UBS states as follows:

1.      Pursuant to Local Rule of Civil Procedure 5.1(j), any pleading filed with the intention of being sealed shall be accompanied by a motion to seal.

2.      On February 21, 2008, UBS issued a subpoena to Steptoe seeking, *inter alia*, certain documents relating to interviews of former HealthSouth Chief

Financial Officer Michael D. Martin, a former client of Steptoe, by the Federal Bureau of Investigation ("FBI") (hereinafter, "February 21 Subpoena"). UBS seeks this discovery in connection with civil litigation pending in the United States District Court for the Northern District of Alabama, relating to the HealthSouth accounting fraud (the "HealthSouth Litigation") in which Mr. Martin is a former defendant.

3.      The Stipulated Confidentiality Agreement attached hereto as Exhibit B ("Confidentiality Agreement") governs the use of materials produced in the HealthSouth Litigation which are deemed by any party or third party to be confidential ("Confidential Discovery Materials"). The United States District Court for the Northern District of Alabama recognized and adopted the Confidentiality Agreement in an Order dated May 2, 2007. A copy of the May 2, 2007 Order is attached hereto as Exhibit C.

4.      On March 6, 2008, Steptoe filed a Motion to Quash the February 21 Subpoena, asserting that certain documents sought by the February 21 Subpoena are protected by the work product privilege and immune from discovery. In order to fully and effectively respond to Steptoe's motion, UBS must cite specific portions of documents relating to Mr. Martin's interviews with the FBI (hereinafter "FBI 302s") that have been produced and designated by the FBI as "Confidential Discovery Materials."

5.      Pursuant to Paragraphs 7 and 10 of the Confidentiality Agreement, any citations to Confidential Discovery Materials such as the FBI 302s may be submitted to a tribunal in connection with a discovery dispute involving a non-party, but must be filed under seal.

6.      UBS has conferred with Steptoe, and Steptoe does not oppose the relief requested herein.  Steptoe has requested that the relief requested herein also cover any further briefing in this matter to avoid duplicative briefing with the court regarding this issue.

WHEREFORE, UBS respectfully requests that the Court enter an Order granting permission to file under seal (a) the attached UBS Response to the Motion to Quash and Motion to Compel a Response to That Subpoena; and (b) any other memoranda or other filings permitted by the Court in connection with this discovery dispute that reference or attach the FBI 302s.

Respectfully submitted,

/s/

Robert J. Giuffra, Jr.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Thomas R. Leuba
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Ave. N.W.
Washington, D.C. 20006
(202) 956-7000

*Counsel for UBS AG, UBS Securities LLC,
Benjamin D. Lorello, William C.
McGahan and Howard Capek.*

March 17, 2008

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRCT OF COLUMBIA

| | | |
|---|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | ) ) ) | **MASTER FILE NO. CV-03-BE-1500-S** **U.S. District for the N.D. Al.** |
| This Document Relates To:  All Actions | ) ) | |
| STEPTOE & JOHNSON LLP | ) ) ) | |
| Movant, | ) ) ) | |
| v. | ) ) | |
| UBS AG, *et al* | ) ) ) | **No. 08-mc-116** **The Hon. Judge Bates** |
| Respondents. | ) ) ) ) | |

## ORDER

Having considered the unopposed Motion for Leave to File Documents Under Seal filed by the UBS Respondents, this Court is of the opinion that said Motion is due to be GRANTED.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1.    Leave to file under seal is GRANTED as to the Response to Motion to Quash the February 21 Subpoena and Motion to Compel a Response to That Subpoena; and

2.    Leave to file under seal is GRANTED as to any response or reply thereto and any other filing requested or otherwise permitted by the Court that references the

Confidential Discovery Materials described in the Motion for Leave to File Documents Under

Seal.

_____

United States District Judge

Date:_____

Washington, D.C.

Copies to:
Mark J. Hulkower
Bruce C. Bishop
Steptoe & Johnson LLP
1300 Connecticut Ave. N.W.
Washington, D.C. 20036
(202) 429-3000
*Counsel for Movant Steptoe & Johnson LLP*

Thomas R. Leuba
Sullivan & Cromwell LLP
1701 Pennsylvania Ave. N.W.
Washington, D.C. 20006
(202) 956-7500

Robert J. Giuffra
Sullivan & Cromwell LLP
125 Broad Street
New York, N.Y. 10002
(212) 558-4000

*Counsel for the UBS Respondents*

# Exhibit B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION<br>SECURITIES LITIGATION<br><br>This Document Relates To: All Actions | )  Master File No.<br>)  CV-03-BE-1500-S<br>)<br>)<br>) |
| In re HEALTHSOUTH CORPORATION<br>STOCKHOLDER LITIGATION<br><br>This Document Relates To: All Actions | )  Consolidated Case No.<br>)  CV-03-BE-1501-S<br>)<br>)  **CLASS ACTION** |
| In re HEALTHSOUTH BONDHOLDER<br>LITIGATION<br><br>This Document Relates To: All Actions | )  Consolidated Case No.<br>)  CV-03-BE-1502-S<br>)  **CLASS ACTION** |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## (HEALTHSOUTH CORPORATION 2002 DERIVATIVE LITIGATION)

| | |
|---|---|
| WADE TUCKER, derivatively for the Benefit of<br>and on behalf of the Nominal Defendant<br>HealthSouth Corporation,<br>                              Plaintiff,<br>v.<br>RICHARD M. SCRUSHY, et al.,<br>                              Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO. CV-02-5212<br>)<br>) |
| UBS SECURITIES LLC,<br>                              Counterclaim Plaintiff,<br>v.<br>HEALTHSOUTH CORPORATION,<br>                              Counterclaim Defendant. | )<br>)<br>)<br>)<br>) |

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| *In the Matter of Arbitration between:*<br><br>WADE TUCKER,<br>Derivatively, for the benefit of and on behalf of<br>HEALTHSOUTH CORPORATION,<br>a dual citizen of Alabama and Delaware,<br>                              Claimant,<br>v.<br>ERNST & YOUNG LLP, a citizen of Delaware,<br>Respondent. | )<br>)<br>)<br>)  AAA Case No. 30 107 Y 567 06<br>)<br>)<br>)<br>)<br>)<br>) |
| ERNST & YOUNG LLP, Claimant,<br>v.<br>HEALTHSOUTH CORPORATION,<br>Respondent and Counterclaimant. | )<br>)<br>)<br>)<br>) |

## STIPULATED CONFIDENTIALITY AGREEMENT

IT IS HEREBY STIPULATED AND AGREED, by and among the parties to the above-referenced actions, through their undersigned counsel, that the following provisions of this Stipulated Confidentiality Agreement (the "Agreement") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information produced or provided in the above-referenced actions ("Discovery Materials").

1.    When used in this Agreement, the word "document" shall have the meaning under Rule 34 of the Federal and Alabama Rules of Civil Procedure and shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies, duplicates, or abstracts thereof, including, but not limited to, notes on documents. A party, person, or entity that produces or discloses Discovery Materials in connection with these actions shall be referred to herein as the "Disclosing Party."

2.    All Discovery Materials produced or disclosed in the above-referenced actions ("Actions") shall be used solely for the prosecution or the defense (including any appeal therefrom) of the Actions, and shall not be used for any other purpose. Any person or entity in possession of Confidential Discovery

2

Materials (as defined below) shall maintain those materials in a reasonably secure manner so as to avoid disclosure of their contents.

3.    When used in this Agreement, the word "Tribunal" shall refer to the Northern District of Alabama for those parties in *In re HealthSouth Corporation Securities Litigation*, CV-03-BE-1500-S; Jefferson County Circuit Court for those parties in *Wade Tucker v. Richard Scrushy, et al.*, CV-02-5212; and the AAA Panel for those parties in *HealthSouth Corporation v. Ernst & Young LLP*, AAA Case No. 30 107 Y 567 06. The Parties to this Agreement shall jointly seek entry of this Agreement as an Order in the respective Actions. Notwithstanding such efforts, the Agreement shall be effective from the date it is executed by all Parties.

4.    Any Discovery Materials produced or disclosed in connection with these Actions by a Disclosing Party which constitutes, includes, contains, refers or relates to either: (1) trade secret or other confidential, research, development or commercial information that may be subject to a protective order under F.R.C.P. 26(c)(7) or Ala. R. Civ.P. 26(c)(7) or (2) confidential, non public personal information concerning individuals such as social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical credit and banking information may be designated "Confidential" by the Disclosing Party. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials." The Parties further agree that the

designation of any Discovery Material as Confidential is not intended to and shall not be construed as an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

5.    The confidential designation set forth in paragraph 4 of this Agreement may be made at or prior to the time of production of documents by stamping or otherwise marking the Discovery Materials as "Confidential" on each page of the Confidential Discovery Materials to be deemed confidential, or, in the case of depositions, as provided in paragraph 6 below.  Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice.  If such notice is given, all documents, materials or testimony so designated shall be subject to this Agreement as if they had been initially designated as Confidential to the extent that such documents, materials or testimony fall within the definition of the Confidential Discovery Materials, provided, however, that the foregoing provision shall not apply to any documents that had already otherwise become publicly available.  The inadvertent production of any document or information during discovery in these actions shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, and no party shall have waived any claims or arguments under the inadvertent

4

production doctrine. If a Disclosing Party believes that a privileged document was inadvertently produced, the Disclosing Party at any time shall provide notice in writing to the other parties directing that such inadvertently disclosed material and all copies thereof be segregated and not used. Within five business days of the receipt of such notice, the party to whom the document was produced shall segregate and not use all copies of any such privileged material and notify the Disclosing Party in writing whether it objects to the designation of such material as privileged. Within five business days of such objection, the objecting party and the Disclosing Party shall meet and confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the objecting party may apply to the Court within fifteen business days of service of the objection for a ruling on the Disclosing Party's claim of privilege.

6.      A Disclosing Party may designate as confidential any portion of a deposition transcript deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material either orally at the deposition or in writing no later than ten business days after receipt of a deposition transcript. During such ten-day period, the parties shall treat the entire transcript as Confidential. The reporter shall mark "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions thereof designated as such. At

5

the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Discovery Material. Copies of the transcript for counsel's use may contain both the confidential testimony and other testimony in a single volume.

7.     Any party receiving Confidential Discovery Materials may disclose or make available such information only to the following persons:

(a)     the Tribunal, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(b)     the named parties and/or court-appointed class representatives in these Actions (including in-house counsel, officers, directors and employees of the named parties);

(c)     outside counsel for the named parties to these Actions;

(d)     court reporters transcribing depositions or testimony in these Actions;

(e)     persons who are indicated on the face of the document to have been authors or recipients of the Confidential Discovery Materials;

(f)     any outside expert or advisor retained or consulted by any party in connection with these Actions;

(g)     any person who is a fact witness or potential fact witness (and counsel for such witness) to the extent reasonably necessary in connection

6

with their testimony in these Actions or the preparation thereof; provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Materials;

(h)    outside photocopying, data processing, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in these Actions and computer personnel performing duties in relation to a computerized litigation system.

(i)    any mediator or arbitrator engaged by the named parties to the Actions; and

(j)    other persons only after notice to all parties and upon order of the Tribunal, or upon written consent of the producing party.

8.    The terms "counsel," "expert," "advisor," and "investigator" include their staff who are assigned to and necessary to assist such counsel, expert, advisor, or investigator in the preparation of this litigation.

9.    All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 7(f), 7(g), or 7(h) as applicable above shall, prior to disclosure, be advised of the contents of this Agreement and that the Confidential Discovery Materials are being disclosed pursuant to the terms of this Agreement and may not be disclosed other than pursuant to the terms thereof. All persons to whom Confidential Discovery Materials are disclosed solely pursuant to

7

subparagraph 7(f) shall be required to execute a certification evidencing the agreement in the form attached as Exhibit A.

10.     In the event that counsel for any party or non-party determines to file in or submit to a Tribunal any Confidential Discovery Materials, information derived therefrom, or any papers containing or making reference to such information, the pages containing such Confidential Discovery Materials shall be filed only in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of the relevant action and which shall clearly bear the stamp "CONFIDENTIAL." All materials filed under seal shall be available to the Tribunal and to counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Tribunal that such document is not confidential and need not be preserved under seal. Redacted pages shall be filed in the public record.

11.     If, at any time, any Discovery Materials governed by this Agreement are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed, to the extent permitted by law, shall promptly give written notice and include a copy of the subpoena or request to the Disclosing Party. The person to whom the subpoena is directed also shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of

time in which to seek to quash the subpoena, or to move for any protection for the
Discovery Materials, before the person to whom the subpoena is directed takes any
action to comply with the subpoena.

12.      If, at any time, a party objects to a designation of Discovery Materials
as confidential under this Agreement, the objecting party shall notify the
Disclosing Party in writing.   Within five business days of the receipt of such
written notice, counsel for the Disclosing Party and the objecting party shall meet-
and-confer in an effort to resolve their differences.   If the parties cannot resolve
their disagreement, the Disclosing Party may apply within fifteen business days
from the date of service of the objection for a ruling on the Disclosing Party's
designation of the Discovery Materials as confidential.   While any such application
is pending, the documents or materials subject to that application will remain
confidential until the Tribunal rules.   If the Disclosing Party does not apply to the
Tribunal for a ruling on its designation of Discovery Materials as confidential
within fifteen business days from the date of service of the objection (regardless of
whether parties met and conferred on the subject), the Discovery Materials will no
longer be deemed confidential.   The Disclosing Party shall have the burden of
showing that the document or information is confidential under Rule 26(c).
Nothing in this Agreement shall be construed as preventing any party from

objecting to the designation of any documents as confidential or preventing any party from seeking further protection for any material it produces in discovery.

13.    Within sixty days after entry of an Order finally terminating these Actions, including all appeals, copies of all Confidential Discovery Materials shall either be destroyed or upon request of the Disclosing Party, returned to the Disclosing Party, at the Disclosing Party's expense. This obligation shall not apply to pleadings, motions, briefs, supporting affidavits and other court filings, or attorney work product, correspondence, transcripts or Tribunal opinions and orders (although the restrictions imposed herein continue to apply to such retained documents).

14.    This Agreement shall not be construed to affect in any way the admissibility of any document, testimony or other evidence at trial or hearing of these Actions.

15.    Each party shall have the responsibility, through counsel, to advise the Disclosing Party of any losses or compromises of the confidentiality of information or documents governed by this Agreement. It shall be the responsibility of the party that lost or compromised the Confidential Discovery Materials of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

10

16.    Nothing in this Agreement shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials or information that have been designated as confidential pursuant to this Agreement. In addition, nothing in this Agreement shall prevent or in any way limit disclosure, use or dissemination of any documents or information that are in the public domain. Finally, this Agreement shall not prejudice in any way the rights of any party to introduce into evidence at trial any document testimony or other evidence subject to this Agreement, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Agreement.

17.    Any non-party producing Discovery Materials in these Actions may be included in this Agreement by endorsing a copy of this Agreement and delivering it to the requesting party who, in turn, will file it with the Tribunal and serve it upon counsel for the other parties. The parties to this action may designate Discovery Materials produced by other parties or non-parties as Confidential in accordance and consistent with the terms and provisions of this Agreement.

18.    In the event that additional persons become parties to these Actions, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing Party until the newly-joined parties or their

11

counsel confirm in writing to all other parties that they have read this Agreement and agree to be bound by its terms.

19.    This Agreement shall not prevent any party from applying to the Tribunal for further or additional protective orders, for the modification of this Agreement, or from agreeing with the other parties to modify this Order, subject to approval of the Tribunal.

**Consented and agreed to by:**

David J. Guin (ASB-3461-g67d)
David R. Donaldson
Tammy McClendon Stokes
DONALDSON & GUIN, LLC
505 20th Street North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 226-2282
Fax: (205) 226-2257

*Counsel for Bondholder Plaintiffs*
*and the Bondholder Class*

Robert T. Cunningham Jr.
John T. Crowder, Jr.
CUNNINGHAM, BOUNDS,
YANCE, CROWDER &
BROWN, LLC
1601 Dauphin Street
P.O. Box 66705
Mobile, Alabama 36660
Telephone: (251) 471-6191
Fax: (251) 479-1031

Max W. Berger
John P. Coffey
Jeffrey N. Leibell
Beata Gocyk-Farber
Alyson Bruns
BERNSTEIN LITOWITZ
BERGER & GROS SMANN LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Fax: (212) 554-1444

*Attorneys for Bondholder Plaintiffs*
*and Co-Lead Counsel for the*

W. Stancil Starnes (ASB-1922-E57W)
W. Michael Atchison (ASB-4005-T75W)
Jay M. Ezelle (ASB-4744-Z72J)
Robin H. Jones (ASB-0769-R51J)
STARNES & ATCHISON LLP
100 Brookwood Place, Seventh Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000

*Counsel for UBS AG, UBS Securities*
*LLC, PaineWebber Incorporated,*
*Howard Capek, Benjamin D. Lorello*
*and William C. McGahan*

Robert J. Giuffra, Jr.
Brian T. Frawley
Julia M. Jordan
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

*Counsel for UBS AG, UBS Securities*
*LLC, PaineWebber Incorporated,*
*Howard Capek, Benjamin D. Lorello*
*and William C. McGahan*

Helen Gredd
LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue
New York, NY 10110
Telephone: (212) 921-8399

*Counsel for William C. McGahan*

13

*Bondholder Class*

Joe R. Whatley, Jr.
Russell Jackson Drake
G. Douglas Jones
Othni J. Lathram
WHATLEY DRAKE, LLC
2323 Second Avenue North
Birmingham, AL 35203
Telephone: (205) 328-9576
Fax: (205) 328-9669

Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
1744 Oxmoor Road
Birmingham, AL 35209
Telephone: (205) 879-5000
Fax: (205) 879-5901

*Co-Liaison Counsel for Co-Lead
Plaintiffs*

Keith F. Park
William S. Lerach
Patrick J. Coughlin
James A. Caputo
Jonah H. Goldstein
Debra J. Wyman
Jennifer Lai
LERACH COUGHLIN STOIA
GELLER RUDMAN & ROBBINS
LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Fax: (415) 288-4534

Thomas Fitzpatrick
LAW OFFICES OF THOMAS
FITZPATRICK
500 Fifth Avenue, 33rd Floor
New York, New York 10110
Telephone: (212) 930-1290

*Counsel for Howard Capek*

Henry E. Simpson
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 250-5000

Steven M. Farina
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005
Telephone: (202) 434-5000

Bruce Braun
Dan Webb
WINSTON & STRAW LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600

*Attorneys for Ernst & Young LLP*

David G. Russell
PARKER, HUDSON, RAINER &
DOBBS LLP
1500 Marquis Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
Telephone: (404) 420-5545

14

Thomas A. Dubbs
Lawrence A. Sucharow
James W. Johnson
Christopher J. Keller
Joseph A. Fonti
LABATON SUCHAROW &
RUDOFF LLP
100 Park Avenue, 12th Floor
New York, NY 10017-5563
Telephone: (212) 907-0700
Fax: (212) 818-0477

*Co-Lead Counsel for Co-Lead
Plaintiffs*

John Q. Somerville, Esq.
Ralph D. Cook, Esq.
John W. Haley, Esq.
Bruce, J. McKee, Esq.
Steve P. Gregory, Esq.
Frank DiPrima, Esq.
Ronald A. Brown, Esq.
Edward F. Haber, Esq.
Robert C. Schubert, Esq.
Juden Justice Reed, Esq.
Arthur L. Schingler, Esq.

*On Behalf of Plaintiff Wade
Tucker and Wendell H. Cook
Testamentary Trust*

Donald V. Watkins, Esq.
Kile T. Turner, Esq.

*On Behalf of Richard Scrushy*

Julia Boaz Cooper, Esq.
David Hymer, Esq.
Anne Marie Seibel, Esq.
Hope Cannon, Esq.

*On Behalf of HealthSouth Corp.*

15

James L. Goyer III
Alan F. Enslen
John Thomas A. Malatesta III
MAYNARD, COOPER & GALE,
P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

*Counsel for Capstone Capital
Corporation
(now known as HR Acquisition I
Corporation)*

16

James L. Goyer III
Alan F. Enslen
John Thomas A. Malatesta III
MAYNARD, COOPER & GALE,
P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

*Counsel for Capstone Capital
Corporation
(now known as HR Acquisition I
Corporation)*

James W. Parkman, III
Richard Martin Adams
THE COCHRAN FIRM
505 North 20th Street, Suite 825
Birmingham, AL 35203
Telephone: (205) 244-1115
Facsimile: (205) 244-1171

*Counsel For Richard Scrushy*

16

**Exhibit A**

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | ) Master File No. ) CV-03-BE-1500-S |
| | ) |
| This Document Relates To: All Actions | ) |
| | ) |
| In re HEALTHSOUTH CORPORATION STOCKHOLDER LITIGATION | ) Consolidated Case No. ) CV-03-BE-1501-S |
| | ) |
| This Document Relates To: All Actions | ) __CLASS ACTION__ |
| | ) |
| In re HEALTHOUTH BONDHOLDER LITIGATION | ) Consolidated Case No. ) CV-03-BE-1502-S |
| | ) __CLASS ACTION__ |
| This Document Relates To: All Actions | ) |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### (HEALTHSOUTH CORPORATION 2002 DERIVATIVE LITIGATION)

| | |
|---|---|
| WADE TUCKER, derivatively for the Benefit of and on behalf of the Nominal Defendant HealthSouth Corporation, | ) ) ) |
|     Plaintiff, | ) |
| v. | ) |
| RICHARD M. SCRUSHY, et al., | ) CIVIL ACTION NO. CV-02-5212 |
|     Defendants. | ) |
| | ) |
| UBS SECURITIES LLC, | ) |
|     Counterclaim Plaintiff, | ) |
| v. | ) |
| HEALTHSOUTH CORPORATION, | ) |
|     Counterclaim Defendant. | ) |

### AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| *In the Matter of Arbitration between:* | ) |
| | ) |
| WADE TUCKER, Derivatively, for the benefit of and on behalf of HEALTHSOUTH CORPORATION, a dual citizen of Alabama and Delaware, Claimant, | ) ) ) AAA Case No. 30 107 Y 567 06 ) ) ) |
| v. | ) |
| ERNST & YOUNG LLP, a citizen of Delaware, Respondent. | ) ) |
| | ) |
| ERNST & YOUNG LLP, Claimant, | ) |
| v. | ) |
| HEALTHSOUTH CORPORATION, Respondent and Counterclaimant. | ) ) ) |
| | ) |

## CONFIDENTIALITY AGREEMENT

_____ (Name of person, firm or organization) agrees
to be bound by the terms of the Confidentiality Agreement dated _____ in the
above-referenced actions.


_____

(Signature of person, firm or organization)

# Exhibit C

FILED

2007 May-02  PM 12:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | ) ) ) ) ) ) | Case No. 2:03-cv-1500-KOB-TMP 2:03-cv-1501-KOB-TMP 2:03-cv-1502-KOB-TMP |

ADOPTION AND ENTRY OF
STIPULATED CONFIDENTIALITY AGREEMENT

On April 30, 2007, the parties filed their Stipulated Confidentiality Agreement, and by motion (Doc. 722), asked the court to adopt and enter the same as a protective order. Having now carefully reviewed and considered the motion and stipulated agreement, the court hereby GRANTS the motion, and ADOPTS and ENTERS the confidentiality agreement as its own protective order in these causes. The parties shall be bound by the terms of the confidentiality agreement unless modified by further orders of this court.

DONE this 2nd day of May, 2007.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF COLUMBIA**

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION )<br><br>This Document Relates To:  All Actions )<br><br>STEPTOE & JOHNSON LLP )<br><br>　　　　　　　　Movant, )<br><br>v. )<br><br>UBS AG, *et al* )<br><br>　　　　　　　　Respondents. ) | **MASTER FILE NO. CV-03-BE-1500-S<br>U.S. District for the N.D. Al.**<br><br><br><br><br><br><br><br><br><br>**No. 08-mc-116<br>The Hon. Judge Bates** |

## <u>NOTICE OF DOCUMENTS FILED UNDER SEAL</u>

Pursuant to Local Rule 5.1(e)(1), please take notice that UBS AG, UBS Securities LLC, Howard Capek, Benjamin D. Lorello and William C. McGahan (collectively, "UBS") filed under seal today a Response to Steptoe & Johnson LLP's Motion to Quash Subpoena Issued by UBS and Motion to Compel a Response to that Subpoena.